# EXHIBIT 1

SUFFOLK COUNTY TRAFFIC AND PARKING

VOLATION AGENCY

      Plantiff

Case No. 180601600.01

JOVANNI GUISEPPE WHYTE, ex. rel

Jovanni Guiseppe Whyte, Authorized Representative

All Rights Reserved with Recourse: UCC 1-308; UCC 1-103

c/o PO BOX 331

    AMITYVILLE, NY 11701

Affidavit of Special Appearance/

Challenge of Jurisdiction

Demand to Dismiss in the Nature

of a Plea to Jurisdiction

## AFFIDAVIT OF SPECIAL APPEARANCE

## CHALLENGE OF JURISDICTION

## DEMAND TO DISMISS IN THE NATURE OF A PLEA TO JURISDICTION

STATE OF NEW YORK

COUNTY OF SUFFOLK:

    Jovanni G. Whyte, being duly sworn, deposes and says:

COMES NOW RESPONDENT/AFFIANT, Jovanni Whyte, herein after called "Respondent", in pro per, sui juris, NOT a pro se party with this Affidavit of Special Appearance.

Respondent is appearing before this court Specially, and not Generally, in Pro Per ("in one's own proper person"), Sui Juris, regarding case #:180601600.01 , which is based on a traffic citation from SUFFOLK COUNTY TRAFFIC AND PARKING VIOLATION AGENCY dated MAY 05, 2018.

This Special Appearance by Affidavit is for the purposes of challenging the courts presumption and assumption of jurisdiction.

I hereby declare, reserve, claim and retain ALL rights and defects in process. I claim and reserve all of my rights under UCC 1-207/308. I further declare that I am a Man and NOT a 'legal fiction' I am not a member of the political or legal society over which the court has jurisdiction, and I do not agree to be characterized as a legal fiction.

Challenge of jurisdiction under Title 5 USC 556(d)-[burden of proof is on the government.]

"Quaelibet Jurisdictio Cancellos Suos Habet"
'Every jurisdiction has its own limits.' Jenk. Cent. Cas. 139.

"A special appearance is an appearance solely for the purpose of testing the jurisdiction."
Bailey v. Schrada, 34 Ind. 261; Huff v. Shepard, 58 Mo. 246

"A special appearance is for the purpose of testing the sufficiency of service or the jurisdiction of the court." State v. Huller, 23 N.M. 306, 168 P. 528, 534, 1 A.L.R. 170.


I, Jovanni Whyte, am a living Man. Is there a man or woman who has a claim against me?

### 1. Challenge Negates Jurisdiction
By this Affidavit, petitioner challenges the subject-matter and in personal jurisdiction of this court. Therefore, this court now is without jurisdiction.

"The presumption that officials have done their duty is limited by the rule that a presumption cannot be based upon a mere presumption, and will not supply proof of independent, substantive facts, such as that a deficiency judgment was entered and docketed by the clerk of the court."
Mahoney v Boise Title & T. Co. (1926) 116 Okla 202, 244 P 170

Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action.
Melo v. US, 505 F2d 1026.

"Once jurisdiction is challenged it must be proven."
Hagans v. Levine 415 US 533 note 3
The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings."
Hagans v Lavine, 415 U. S. 533.

"No sanction can be imposed absent proof of jurisdiction."
Stanard v. Olesen, 74 S.Ct. 768

"The law provides that once State / Federal Jurisdiction has been challenged, it must be proven."
Maine v. Thiboutot, 100 S. Ct. 2502 (1980)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist."
Stuck v. Medical Examiners, 94 CA2d 751.211 P2s 389

"The burden shifts to the court to prove jurisdiction."

Rosemond v. Lambert, 469 F2d 416.

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Lantana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered.
McNutt v. GMAC, 298 US 178. Origins found in Maxfield's Lessee v Levy, 4 US 308

"It is impossible to prove jurisdiction exists absent a substantial nexus with the state such as voluntary subscription to license. All jurisdictional facts supporting claim that supposed jurisdiction exists must appear on the record of the court."
Pipe Line v. Marathon. 102 S. Ct. 3858 quoting Crowell v. Benson 883 US 22

"Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal"
Lowe v. Alexander 15C 296; People v. Board of Delegates of S.F. Fire Dept 14 C 279

### 2. Jurisdiction Not Within Discretion of Court
Petitioner reminds this court that the matter if jurisdiction is not a matter within the discretion of this court.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance."
Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ."
Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007)

"The burden shifts to the court to prove jurisdiction."
Rosemond v. Lambert, 469 F2d 416.

"The proponent of the rule has the burden of proof.."
Title 5 U.S.C. §556(d)

### 3. Jurisdiction Cannot Be Waived
The principles of waiver, consent, and estoppel do not apply to jurisdictional issues—the actions of the litigants cannot vest a district court with jurisdiction above the limitations provided by the Constitution and Congress.

"If the record does not show upon its face the facts necessary to give jurisdiction, they will be presumed not to have existed."
Norman v. Zieber, 3 Orat202-03

### 4. Jurisdiction Can Be Raised At Any time
Federal Rule 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided."
Basso v. Utah Power & Light Co., 495 F2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal."
Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."
Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); see also Kontrick v. Ryan, 540 U.S. 443, 455 (2004)

On appeal—even for the first time at the Supreme Court—a party may attack jurisdiction after the entry of judgment in the district court.
Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Even the party that had invoked the district court's jurisdiction can argue on appeal, to avoid an adverse judgment, that the district court lacked jurisdiction.
13 Wright & Miller § 3522, pp. 122–23

"Where the question of jurisdiction in the court of the person, the subject matter, or the place where the crime was committed can be raised, in any stage of a criminal proceeding; it is never presumed, but must always be proved; and it is never waved by the respondent."
U.S. v. Rogers, District Court Ark., 23 Fed 658 1855

### 5. Acts by Court a Nullity
Petitioner notices this court that any action taken by the court absent proof of is a nullity.

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property."
Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack."
Thompson v. Tolmie, 2 Pet. 157, 7 L.Ed. 381; Griffith v. Frazier, 8 Cr. 9, 3L. Ed. 471.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio."
In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term."
Dillon v. Dillon, 187 P 27.

**6: LACK OF JURISDICTION: No witness, no facts, no jurisdiction.**

"There is no discretion to ignore lack of jurisdiction."
Joyce v. U.S., 474 F2d 215.

"No sanction can be imposed absent proof of jurisdiction."
"Once challenged, jurisdiction cannot be 'assumed'; it must be proved to exist!"
Stanard v. Olesen, 74 S.Ct. 768

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term."
Dillon v. Dillon, 187 P 27.

**OTHER CASE LAW ON JURISDICTIONAL CHALLENGES**

In regard to courts of inferior jurisdiction, "if the record does not show upon its face the facts necessary to give jurisdiction, they will be presumed not to have existed."
Norman v. Zieber, 3 Or at 202-03

"Where a person is not at the time a licensee, neither the agency, nor any official has any jurisdiction of said person to consider or make any order. One ground as to want of jurisdiction was, accused was not a licensee and it was not claimed that he was."
O'Neil v. Dept Prof. & Vocations 7 CA 2d 398; Eiseman v. Daugherty 6 CA 783

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court"
OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted."
Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

"Where the question of jurisdiction in the court of the person, the subject matter, or the place where the crime was committed can be raised, in any stage of a criminal proceeding; it is never presumed, but

must always be proved; and it is never waved by the respondent."

U.S. v. Rogers, District Court Ark.,23 Fed 658 1855
"Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal"

Lowe v. Alexander 15C 296; People v. Board of Delegates of S.F. Fire Dept 14 C 279

"It is basic in our law that an administrative agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular agency's enabling legislation the agency is without power to take any action which affects him."
Endicott v. Perkins, 317 US 501

"If the court is not in the exercise of its general jurisdiction, but of some special statutory jurisdiction, it is as to such preceding an inferior court, and not aided by presumption in favor of jurisdiction."
1 Smith's Leading Cases, 816

"Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law."
Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

JURISDICTION

I am here by way of Special Appearance to challenge jurisdiction and to have this matter dismissed. This court has assumed jurisdiction over me. I believe this court lacks jurisdiction.

1. I demand to see the supposed jurisdiction duly placed into evidence.
2. I don't believe this court has a valid cause of action against me.
3. I demand to see your **Delegation of Authority**.

## This court must prove jurisdiction.

WHEREAS, respondent petitions/move this court for dismissal of this action and release/removal of all charges.

*All Rights Reserved w/ Reco<br>
Without Prejudice UCC 1-207/308,<br>
UCC 1-103, UCC 3-401<br>
Mr. Jon Giuseppe Whyte*

*All Rights Reserved<br>
V.C. Mr. Jon Giuseppe M.*

Sworn in before me the 28 day of June, 2018

_____<br>
Notary Public

NADIA SAMAROO<br>
Notary Public, State of New York<br>
No. 01SA6216226<br>
Qualified in Queens County<br>
Commission Expires Jan. 11, 2022

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   SCTPVA<br>
   PO BOX 9000<br>
   SMITHTOWN, NY 11787

2. Article Number (Transfer from service label): 7016 0910 0001 9691 3526

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature<br>
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name): HTOWN   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes  ☐ No<br>
If YES, enter delivery address below:

3. Service Type
   - ☐ Certified Mail  ☒ Priority Mail Express™
   - ☐ Registered      ☒ Return Receipt for Merchandise
   - ☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☒ Yes

PS Form 3811, July 2013   Domestic Return Receipt