```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUFFOLK COUNTY TRAFFIC AND PARKING
VIOLATION AGENCY,

                              Plaintiff,

        -against-

JOVANNI GIUSEPPE WHYTE, ex rel.,
JOVANNI GIUSEPPE WHYTE, sui juris,
all rights reserved with recourse: UCC 1-308,
UCC 1-103,
                              Defendant.
-------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 16 2018   ★

LONG ISLAND OFFICE

**SUMMARY ORDER OF REMAND**
18-CV-4626 (JMA) (AYS)

**JOAN M. AZRACK, District Judge:**

On August 16, 2018, *pro se* defendant Jovanni Giuseppe Whyte ("Whyte" or "defendant") filed a Notice of Removal in this Court together with the $400 filing fee. Defendant's brief submission is difficult to comprehend. It appears that he is seeking to remove to this Court an action (the "State Case") commenced against him by the Suffolk County Traffic and Parking Violation Agency, assigned case number 180601600.1, which arises from a "traffic citation" dated May 5, 2018. (*See* Notice of Removal, Ex. 1, at 2.) For the reasons that follow, this action is summarily remanded to the Suffolk County Traffic and Parking Violation Agency.

It is well-established that 28 U.S.C. § 1446 requires that a defendant removing an action to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders . . . ." 28 U.S.C. § 1446(a). In addition, a "notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court . . .

whichever period is shorter." 28 U.S.C. § 1446(b).

"[S]tatutory procedures for removal are to be strictly construed," *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and "out of respect for the limited jurisdiction of the federal courts and the rights of the states, we must 'resolv[e] any doubts against removability,'" *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Somlyo v. J. Lu-Rob Enters.*, Inc., 932 F.2d 1043, 1046 (2d Cir. 1991)). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quoting *Codapro Corp. v. Wilson*, 991 F. Supp. 322, 325 (E.D.N.Y. 1998)).

Here, defendant has not complied with any of these statutory procedural requirements. Instead of filing a "short and plain statement of the ground for removal," defendant has filed a fourteen-page, incoherent Notice of Removal. Notably absent from this submission, however, are copies of "all process, pleadings, and orders" filed in the State Case, including the complaint. Also, defendant does not indicate when he received, through service of process or otherwise, a copy of the initial pleading or when he received a summons if such initial pleading has then been filed in court. Moreover, given that he alleges the State Case arises from a traffic citation issued on May 5, 2018, over three months ago, it is outside of the statutory time for removal. *See* 28 U.S.C. § 1446(b). These procedural defects alone support remand. *See* 28 U.S.C. § 1446(a)-(b) (requiring the filing of "all process pleadings, and orders served upon" a defendant in a removed action); *Allstate Ins. Co. v. Zhigun*, No. 03-CV-10302, 2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) (remanding case to state court for failure to comply with the statutory procedural requirements); *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c)

authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure).

In short, it is clear that removal of this case is improper.[1]  Accordingly, this action is summarily remanded to the Suffolk County Traffic and Parking Violation Agency.  The Clerk of the Court is directed to: (1) mail a copy of this order to all parties and to the Clerk of the Suffolk County Traffic and Parking Violation Agency, pursuant to 42 U.S.C. § 1447(c); and (2) close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Date:  August 16, 2018
       Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Apart from these procedural defects, it is unlikely that this Court has subject matter jurisdiction over the State Case. In the absence of the underlying complaint, it is impossible for the Court to analyze the jurisdictional question but, given that all parties are New York citizens and there is no amount in controversy alleged, diversity jurisdiction is lacking and it is unlikely that the State Court traffic citation implicates a federal claim.